```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

RICHARD KJELLSEN,

    Plaintiff,

    v.

TERRY MILLS, WILLIAM H. WALL,
LISA CALLAHAN, ROBERT BROWN,
GEORGE HERRIN, and JOHN DOES
1 THRU 10,

    Defendants.

CIVIL ACTION

NO. 1:03-CV-3002-CAP

## <u>O R D E R</u>

This matter is now before the court on the defendants' motion for leave to file excess pages [Doc. No. 52], motion for summary judgment [Doc. No. 53], and the plaintiff's motion for oral argument [Doc. No. 68]. The defendants' motion for leave to file excess pages [Doc. No. 52] is granted. The court concludes that there is no need for oral argument on the motion for summary judgment. Therefore, the plaintiff's motion for oral argument [Doc. No. 68] is denied.

### Factual Background

The plaintiff filed this § 1983 action in the Superior Court of Fulton County, Georgia, on August 28, 2003. The defendants subsequently removed the action to this court based on federal question jurisdiction.

This action arises out of the prosecution of the plaintiff in the State Court of Forsyth County, Georgia, on charges of defective equipment, driving without a license, driving under the influence of alcohol ("DUI") while less safe, and per se DUI.  Essentially, in his First Amended Complaint, the plaintiff complains that (1) his criminal prosecution for per se DUI violated his Fourth Amendment right against unreasonable seizures and (2) the defendants' withholding of evidence regarding the retesting of his blood alcohol concentration violated his Sixth Amendment right to compel the attendance of witnesses to testify in his behalf.  The defendants include: (1) Terry Mills, Deputy Director of the Georgia Bureau of Investigation, Division of Forensic Sciences; (2) William H. Wall, Assistant Deputy Director of the Georgia Bureau of Investigation, Division of Forensic Sciences; (3) Lisa Callahan, Toxicology Manager at the Georgia Bureau of Investigation, Division of Forensic Sciences, Toxicology Section; (4) Robert Brown, Assistant Manager of Toxicology at the Georgia Bureau of Investigation, Division of Forensic Sciences, Toxicology Section; and (5) John Does 1 through 10, employees of the Georgia Bureau of Investigation, Division of Forensic Sciences,

Toxicology Section, who performed or made records of blood sample testing of the plaintiff's blood.

On April 21, 2000, the plaintiff was stopped by a Forsyth County Sheriff's deputy because one of the headlights on the plaintiff's car was not functioning.  Although the plaintiff successfully performed field sobriety tests, he was arrested for suspicion of driving under the influence of alcohol.  A sample of his blood was also taken for alcohol concentration testing.

The plaintiff's blood sample was delivered to the Georgia Bureau of Investigation's ("GBI") Division of Forensic Sciences, Toxicology Section, where it was analyzed.  The initial test, which was done on May 10, 2000, showed an alcohol concentration of 0.10 grams.  Four subsequent tests, conducted on April 17, April 18, June 8, and July 19, 2001, each showed a concentration of less than 0.10 grams of alcohol.  The results of the retesting were not reported to the prosecutor, to the trial court, or to the plaintiff, despite his request for discovery of all scientific reports and full information concerning the testing of his blood and his general request for exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).  The plaintiff alleges that all of the defendants knew about the inconsistent retesting results and

were aware that the state was obligated to report those results, but that they agreed among themselves to hide the results from the prosecutor, the trial court, and the plaintiff.

At the plaintiff's criminal trial, held on August 28, 2001, defendant Robert Brown testified in support of the prosecution that scientific test results proved that the plaintiff's blood alcohol concentration was 0.10 grams or greater and that the scientific instrumentation used to make that determination was properly functioning and accurate.  The plaintiff alleges, however, that Mr. Brown was aware at the time he testified at the criminal trial that  retesting results indicated that the plaintiff's blood alcohol concentration was actually less than 0.10 grams.

On August 29, 2001, the trial court directed a verdict in favor of the plaintiff on the per se DUI charge.  The other charges went to the jury, which acquitted the plaintiff on the less safe DUI charge but found him guilty of the defective equipment and driving without a license charges.

### Legal Analysis

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 156, 90 S. Ct. 1598, 1608 (1970); <u>see also</u> <u>Johnson v. Clifton</u>, 74 F.3d 1087, 1090 (11th Cir. 1996).  The moving party's burden is discharged merely by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support [an essential element of] the nonmoving party's case."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).  In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion.  <u>Clifton</u>, 74 F.3d at 1090.  Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

**Analysis of the Plaintiff's Claims**

I.  **Violation of the Fourth Amendment**

   **A. Probable Cause**

   The plaintiff's first claim alleges that the defendants violated his Fourth Amendment rights by conspiring to withhold the inconsistent blood test results and thereby prosecuting[1] him without probable cause as to the per se DUI charge. The defendants have moved for summary judgment on this claim.

   A malicious prosecution claim brought pursuant to § 1983 arises from the Fourth Amendment rather than from the generalized notion of substantive due process. See Albright v. Oliver, 10 U.S. 266, 271, 114 S. Ct. 807, 811 (1994); see also Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003) (recognizing malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983); Whiting v. Traylor, 85 F.3d 581, 584

---

[1] In this action, the plaintiff has not named the actual prosecutors as defendants. Rather, the plaintiff is suing individuals employed by the GBI, contending that their actions in concealing the later blood tests resulted in his prosecution. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (holding that malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed).

(11th Cir. 1996) (same).  As such, the right to be free from malicious prosecution is actually regarded as a "right to be free from an unlawful seizure which is part of a prosecution." Whiting, 85 F.3d at 584 n.4.  Thus, in order to prevail on a malicious prosecution claim under § 1983, a plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to proving the elements of the common law tort of malicious prosecution.  Wood, 323 F.3d at 881.  Based on federal and Georgia law, the applicable elements of the common law tort of malicious prosecution are (1) a criminal prosecution instituted or continued by the defendant, (2) with malice and without probable cause, (3) that terminated in the plaintiff accused's favor and (4) caused damage to the plaintiff.  Wood, 323 F.3d at 881-82.  While the elements of the tort are based in part on state law, a Fourth Amendment malicious prosecution claim brought pursuant to § 1983 remains a federal constitutional claim, and, therefore, issues concerning its elements and whether they are met are ultimately controlled by federal law.  Id. at 882.

In this case, the defendants argue that they are entitled to summary judgment because undisputed evidence establishes that there was probable cause for the per se DUI charge.

Specifically, the defendants direct the court to the plaintiff's amended complaint [Doc. No. 6, ¶ 14] in which he states that at the time of his arrest, his level of alcohol concentration in his blood was 0.10 grams.  In a later brief [Doc. No. 43 at 5], the plaintiff concedes that at the time of the original test the alcohol concentration in his blood was sufficient for a conviction of DUI per se.

In order to succeed in a malicious prosecution action, a plaintiff must establish that there was no probable cause to believe the criminal proceeding could succeed at the time it was commenced.  Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999); Mejia v. City of New York, 119 F.Supp.2d 232, 254 (E.D.N.Y. 2000). Additionally, the federal courts have generally held that the withholding of exculpatory information discovered after a proceeding is commenced also gives rise to a malicious prosecution claim, thus indicating that the probable cause inquiry extends through the trial phase. See Wood, 323 F.3d at 882 (listing "a criminal prosecution instituted *or continued* by the present defendant" as one element of a § 1983 malicious prosecution claim (emphasis added)).  As one such court stated in upholding a jury verdict for malicious prosecution:

> [T]he jury could find that the defendants systematically concealed from the prosecutors, and misrepresented to them, facts highly material to--that is, facts likely to influence--the decision whether to prosecute [the plaintiff accused] and whether (that decision having been made) to continue prosecuting him right up and into the trial. If the prosecutors had known of [the] evidence, they would almost certainly have dropped the charges against [the plaintiff] before trial.

Jones v. City of Chicago, 856 F.2d 985, 993 (7th Cir. 1988); Kinzer v. Jackson, 316 F.3d 139, 143-44 (2d Cir. 2003) ("A malicious prosecution claim can rest on a prosecution that is continued notwithstanding the discovery of information that exculpates the defendant . . .").

The record before the court supports the defendants' position that at the time the prosecution was commenced, sufficient probable cause existed to charge the plaintiff with per se DUI. The holdings discussed above, however, demonstrate the need for probable cause in order to commence as well as *continue* a prosecution. Therefore, in the instant action, the fact that probable cause existed at the time the accusation was drawn does not entitle the defendants to summary judgment. In order to prevail on summary judgment on the probable cause argument, the defendants must demonstrate that there is no question of material fact as to the existence of probable cause

9

at the time the charges were brought and continuing through the time of trial.

The defendants argue that the probable cause, which existed at the time the prosecution commenced, was not negated when the additional tests showed a lower level of alcohol in the plaintiff's blood sample because there is evidence establishing that there can be a degradation of the alcohol level in a blood sample stored over time.  See Brown Decl. ¶¶ 6-11, Ex. 2 to the defendants' motion for summary judgment [Doc. No. 53].  Thus, it is the defendants' position that, because alcohol in a blood sample may deteriorate over time, the later blood tests were not inconsistent with the original result, and, therefore, the existing probable cause was not eliminated.

In response to the motion for summary judgment, the plaintiff has directed the court to evidence which establishes that, while it is scientifically possible that the level of alcohol in a blood sample could decrease over time, it is also scientifically possible that the level of alcohol could stay the same or even increase.  See Ex. B to the plaintiff's response [Doc. No. 66]; Depo. of Amy Burden at 166 [Doc. No. 47]. Accordingly, there is a question of fact as to whether the later tests negated the probable cause required to continue the

prosecution against the plaintiff. Therefore, the defendant is not entitled to summary judgment on this basis.

**B. Related Offense Doctrine**

In their motion for summary judgment, the defendants argue that even if probable cause for prosecuting the per se DUI charge was absent, under the related offense doctrine, the existence of probable cause to support the other charges brought against the plaintiff defeats the plaintiff's malicious prosecution claim as to the per se DUI charge. The defendants raised this argument in their motion to dismiss, which was denied by this court [Doc. No. 21]. In the present motion, the defendants first set forth their disagreement with the court's prior ruling concerning the inapplicability of the related offense doctrine, urging the court to revisit the issue. The court has reviewed these arguments and finds them unpersuasive. Additionally, the defendants point to the declaration of the Forsyth County Solicitor who states that, even if she had been aware of the retests, the plaintiff would still have been prosecuted for DUI less safe. See Abernathy Decl. ¶¶ 19-22, Ex. 7 to the defendants' motion for summary judgment [Doc. No. 53]. Thus, the defendants contend that there is evidence to establish that the plaintiff would have faced trial on the DUI less safe

charge even if there was no probable cause to prosecute on the per se DUI offense.

In response to the motion, the plaintiff correctly points out that Ms. Abernathy was not the prosecutor who handled the plaintiff's criminal case.  <u>See</u> Sauls Decl. ¶ 3, Ex. D to the plaintiff's response [Doc. No. 66].  Ms. Abernathy stated in her declaration that two Assistant Solicitors, Ashleigh Smith and Travis Saul, worked on the plaintiff's criminal case.  <u>See</u> Abernathy Decl. ¶ 4, Ex. 7 to the defendants' motion for summary judgment [Doc. No. 53].  Moreover, Ms. Abernathy's declaration does not indicate that she established a policy in her office of going forward with a DUI less safe charge when problems arose with evidence supporting a per se DUI charge.  Ms. Abernathy's declaration is merely evidence as to what actions she would have taken had she been the actual prosecutor rather than the supervisor of the two prosecutors actually assigned to the plaintiff's case.  Accordingly, the defendants have failed to demonstrate that they are entitled to judgment as a matter of law based upon the related offense doctrine.

## II. Violation of the Sixth Amendment

In his second count, the plaintiff alleges that the defendants violated his Sixth Amendment right to compulsory process by failing to disclose that there were scientific tests demonstrating his innocence on the per se DUI charge, thereby depriving him of the right to offer witnesses to show that the tests were unreliable. The defendants have moved for summary judgment on this claim arguing that the plaintiff cannot demonstrate materiality of the exculpatory evidence because he was acquitted on both DUI charges.

Essentially, the defendants are making the same argument that was raised in their reply brief in support of the motion to dismiss [Doc. No. 16]. In rejecting this argument [Doc. No. 21], the court held that "it cannot say with certainty that a person who is ultimately acquitted may not recover for a violation of his Sixth Amendment right to compulsory process." The defendants have offered nothing to convince the court to revisit this conclusion. Accordingly, the court holds that the defendants are not entitled to summary judgment on the plaintiff's Sixth Amendment compulsory process claim.

**III.     Qualified Immunity**

The defendants alternatively argue that they are entitled to summary judgment on the plaintiff's claims because they are shielded by qualified immunity.  Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Wood, 323 F.3d at 877.

In order to prevail on a motion for summary judgment based upon qualified immunity, the defendants must first establish that they were acting within their discretionary authority. Once they have satisfied that burden, the plaintiff must come forward to show that he suffered a constitutional violation. Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).  If the plaintiff demonstrates a constitutional violation, the final step in the qualified immunity inquiry is determining whether the law was clearly established so as to put the defendants on notice that their behavior violated the plaintiff's rights. Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005).  A right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is "apparent" and if a constitutional rule applies with "obvious clarity" to give an

official "fair warning" that violating that right is actionable. Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987); see also Vinyard, 311 F.3d at 1350-52.

A government official can prove that he acted within the scope of his discretionary authority by showing that his actions were undertaken pursuant to the performance of his duties and were within the scope of his authority. Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). The defendants, in their motion for summary judgment, recognize that they have the burden of proving that they were acting within their discretionary authority, but they fail to point to any evidence to establish this fact.

Despite the defendants' failure within their brief to direct the court to evidence demonstrating that their actions were within the scope of their discretionary authority, the court's review of the declarations of the defendants reveals that each asserts that he or she was acting within the scope of their respective job duties and responsibilities during their employment with the GBI when the actions or inactions complained of by the plaintiff occurred. See Brown Decl. ¶ 14, Ex. 2 to the defendants' motion for summary judgment; Callahan Decl. ¶ 3, Ex. 3 to the defendants' motion for summary judgment; Herrin

Decl. ¶ 3, Ex. 4 to the defendants' motion for summary judgment; Mills Decl. ¶ 3, Ex. 5 to the defendants' motion for summary judgment; and Wall Decl. ¶ 3, Ex. 6 to the defendant's motion for summary judgment [Doc. No. 53].  "To establish that a defendant is acting within the scope of his discretionary authority, there must be more than a bald assertion by the defendant that the complained-of actions were undertaken pursuant to the performance of his duties and within the scope of his discretionary authority; there must be a showing by competent summary judgment materials of objective circumstances that would compel that conclusion . . . ."  Harbert Intern., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998).  Because the defendants have merely offered their own bald assertions that their actions fell within the scope of their discretionary authority, they have failed to carry their burden of showing that they were acting within their discretionary authority.[2]  Accordingly, the defendants are not entitled to summary judgment based on qualified immunity.

---

[2] In light of the defendants' failure to show that their acts were within the scope of discretionary authority, the court need not address the second step of the qualified immunity analysis (i.e., whether the plaintiff can demonstrate that the defendants' conduct violated clearly established statutory or constitutional rights).

**Conclusion**

For the foregoing reasons, the court:

(1) DENIES the defendants' motion for summary judgment [Doc. No. 53];

(2) GRANTS the defendants' motion to file excess pages [Doc. No. 52];

(3) DENIES the plaintiff's motion for oral argument [Doc. No. 68]; and

(4) DIRECTS the parties to file a proposed consolidated pre-trial order pursuant to Local Rule 16.4 within 30 days of entry of this order.

**SO ORDERED**, this 26th day of January, 2006.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge